IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELINDA BREWSTER,<br>  Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br>  Defendants. | §<br>§<br>§<br>§  Civil Action No. 3:13-CV-2807-M<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this removed civil action has been referred to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court is Plaintiff Delinda Brewster's ("Plaintiff") Motion to Remand (doc. 13), filed on August 14, 2013. Defendants Nationstar Mortgage, LLC ("Nationstar") and First Tennessee Bank National Association d/b/a First Horizon Home Loans, a division of First Tennessee Bank National Association ("First Tennessee") (collectively referred to as "Defendants") filed a timely response on September 4, 2013, and Plaintiff, in turn, filed her reply. For the following reasons, the Court recommends that the District Court **GRANT** Plaintiff's Motion to Remand.

### Background

Plaintiff filed her Verified Original Petition, Application for Temporary Restraining Order, and Request for Disclosure ("Petition")[1] in the County Court at Law No. 5 of Dallas County, Texas on June 26, 2013. Defendants thereafter timely removed the action to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants assert that Plaintiff's Petition presents a federal question because she brings a claim under the Real Estate Settlement Procedures

---

[1] Plaintiff's Petition can be found in Exhibit 1 of Defendants' Notice of Removal (doc. 1).

Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* Subsequent to Defendants' removal of the case to this Court, Plaintiff filed her First Amended Original Complaint (doc. 10, "Amended Complaint"). Pursuant to Federal Rule of Civil Procedure 15(a), this Court finds that justice so requires Plaintiff to be allowed leave to amend her Petition in light of her Petition originally being filed in state court under Texas' more liberal pleading standard and because Plaintiff has yet to amend her Petition. *See* FED. R. CIV. P. 15(a) ("The court should freely give leave [to amend] when justice so requires."). Thus, Plaintiff's Amended Complaint is now the live pleading in this case.[2]

This action arises out of foreclosure proceedings initiated against the real property located at 4465 Harpers Ferry Drive, Grand Prairie, Texas 75052 (the "Property"). (Pl.'s Am. Compl. ¶ 7.) Plaintiff purchased the Property on October 31, 1997, and refinanced her home in October of 2002. (*Id.* at ¶ 8.) Plaintiff executed a promissory note ("Note") in favor of First Horizon Home Loan Corporation ("First Horizon") in the amount of $108,919.00 to refinance the Property. (*Id.*, Ex. A at 1.) Plaintiff simultaneously executed a Deed of Trust, conveying a security interest in the Property to First Horizon should Plaintiff default on the mortgage loan. (*Id.*, Ex. A) Sometime thereafter, the Deed of Trust was assigned from First Horizon to First Tennessee. (*Id.* at ¶ 8.) Nationstar, acting on behalf of First Tennessee, began servicing Plaintiff's loan. (*Id.*)

In late 2012, Plaintiff experienced some financial difficulty. (*Id.* at ¶ 10.) On November 7, 2012, Plaintiff received a letter from Nationstar informing her that she had defaulted on her loan and warning her that the foreclosure process would be begin if she did not pay the balance due on her loan. (*Id.*) Plaintiff subsequently contacted Nationstar and applied for the Making Home Affordable

---

[2] The Court notes that it does not appear that Defendants object to Plaintiff being granted leave to amend her complaint.

loan modification program. (*Id.*) After submitting all of the necessary documentation, Plaintiff was informed that her modification application was complete and being processed and that her home would not be sold at a foreclosure sale while her application was being reviewed. (*Id.* at ¶¶ 11-23.) However, on March 22, 2013, Plaintiff received a letter informing her that the Property was going to be sold at a foreclosure sale on April 2, 2013. (*Id.* at ¶ 23.) Accordingly, Plaintiff called Nationstar, but she was told by a representative that there was no sale date on the Property. (*Id.* at ¶¶ 23-24.) Nonetheless, on April 2, 2013, Plaintiff's home was sold at a foreclosure sale to American Homes 4 Rent. (*Id.* at ¶ 26.) Plaintiff attempted, to no avail, to reverse the sale of her home. (*Id.* at ¶ 27.) On May 24, 2013, Plaintiff received a notice to vacate the Property. (*Id.* at ¶ 28.) Consequently, Plaintiff filed the instant lawsuit in state court.

After Defendants removed the case to federal court and Plaintiff amended her Petition, Plaintiff filed a motion to remand the case back to state court due to her Amended Complaint failing to present a federal question. The Motion to Remand, having been fully briefed by the parties, is now ripe for review.

## **Standard of Review**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). However, "federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim." *Fed. Nat'l Mortg. Assoc. v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *1 (N.D. Tex. Nov. 16, 2010) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the

jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Furthermore, the federal question must be asserted in the plaintiff's complaint as it stands at the time the notice of removal is filed. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998).

In an action that has been removed to federal court, the removing party shoulders the burden of establishing the existence of federal subject matter jurisdiction. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## Analysis

Defendants removed this action to federal court based on federal question jurisdiction. Defendants assert that at the time their notice of removal was filed, Plaintiff's Petition presented a federal claim under RESPA, thereby bestowing this Court with original jurisdiction to hear the case. (Defs.' Resp. at 2-3.) Plaintiff contends, however, that after the case was removed she amended her Petition and eliminated her RESPA cause of action, therefore, this Court no longer has federal question jurisdiction. (Pl.'s Mot. at 2.) Nonetheless, Defendants aver that even if this Court were to consider Plaintiff's Amended Complaint instead of her Petition, her Amended Complaint still presents a federal question because she claims that Defendants violated RESPA and she also mentions violations of the Department of Housing and Urban Development's ("HUD") regulations. (Defs.' Resp. at 3-4.) Plaintiff argues in her reply that these mere references to RESPA and HUD do

not confer federal jurisdiction on this Court. (Pl.'s Reply at 1-2.) Finally, Defendants contend that the filing of an amended pleading after removal cannot defeat federal jurisdiction. (Defs.' Resp. at 4.) The Court will now address the parties' contentions.

**Whether this Court has Federal Jurisdiction**

The propriety of removal is determined by the plaintiff's complaint as it stands at the time the case is removed to federal court. *Metro Ford Truck Sales,* 145 F.3d at 326. Moreover, "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Here, it is undisputed that Plaintiff's Petition, as it stood at the time of Defendants' removal, presented a federal question under RESPA. Thus, this Court has federal question jurisdiction over the matter.

Nonetheless, because Plaintiff amended her Petition post-removal and eliminated her federal claim, the Court must further analyze whether remanding this case back to state court would be proper. The Supreme Court has held that in cases where all federal claims have been dropped and only state-law claims remain, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Accordingly, it is necessary to determine whether Plaintiff's Amended Complaint, the live pleading in this case, presents a federal question. *See Palomino v. Miller*, No. 3-06-CV-0932-M, 2006 WL 2661127, at *2 (N.D. Tex. Sept. 14, 2006) (finding that the reasoning in *Carnegie-Mellon* was not applicable because a federal claim still existed in the case).

**Whether Plaintiff's Amended Complaint Presents a Federal Question**

In her Amended Complaint, Plaintiff eliminated her RESPA cause of action, including the underlying allegation for her RESPA claim. (*Compare* Pl.'s Pet. ¶¶ 33-35, *with* Pl.'s Am. Compl. ¶¶ 29-68.) Nonetheless, Defendants contend that Plaintiff still brings a federal claim because she avers that (1) the Note and Deed of Trust were issued subject to provisions of the Fair Housing Act ("FHA"), HUD, and RESPA; (2) Nationstar was negligent in breaching its duties imposed by, among other things, RESPA; (3) Plaintiff did not receive proper notice as required by Texas state and federal law; and (4) Defendants breached the Deed of Trust by not complying with certain HUD regulations. (Defs.' Resp. at 3-4.) Essentially, Defendants assert that there are still federal issues present in Plaintiff's state-law claims.

Federal question jurisdiction is most frequently invoked when the federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, federal question jurisdiction has also been found in some state-law claims that present significant federal issues. *Id.* Nonetheless, it is well-settled that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Instead, there are four factors a court should consider when determining if federal question jurisdiction exists: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). All four factors must be met. *See id.*

The Court will first determine whether Plaintiff's Amended Complaint raises a necessary federal issue that is disputed and substantial. "When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a 'necessary' element of the claim." *Lindsey v. JPMorgan Chase Bank Nat'l Ass'n*, No. 3:12-CV-4535-M-BH, 2013 WL 2896897, at *6 (N.D. Tex. June 13, 2013) (quoting *Gojfney v. Bank of Am., N.A.*, No. H–12–1868, 2012 WL 4127952, at *4 (S.D. Tex. Sept. 17, 2012)) (internal alterations omitted). In *Lindsey*, a wrongful foreclosure action, the District Court found that the federal issue was neither necessary nor substantial because in addition to alleging HUD violations, the plaintiff also alleged violations of state law, and the parties' dispute did not turn on the correct interpretation of federal law but instead was a factual dispute on whether the defendants violated the HUD regulations. *Id.* at *6-7. Similarly, in another mortgage foreclosure case, the court found that the federal issue was not substantial because in addition to alleging violations of certain HUD regulations, the plaintiff also claimed violations of Texas law and breach of the note and deed of trust itself. *See Henry v. Bank of Am., N.A.*, No. 4:12-CV-786-A, 2012 WL 6730718, at *5 (N.D. Tex. Dec. 28, 2012). The court explained that while the plaintiff "certainly referenced federal regulations as part of her state contract claim, they are not substantial federal issues sufficient to invoke federal jurisdiction over her claims." *Id.*

On the other hand, in another wrongful foreclosure case out of the Northern District of Texas, the court found that the federal issue was necessary, disputed, and substantial where the plaintiff's breach of contract claim was premised solely on whether the defendant breached three of the HUD regulations that were contained in the deed of trust. *See Leggette v. Washington Mut. Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *3 (N.D. Tex. Oct. 19, 2005). The court explained that

"[e]ach ground of [plaintiff's] wrongful foreclosure claim necessarily turns on [defendant's] obligations under federal law. The dispute between [defendant] and [plaintiff] rests entirely on the correct interpretation of three federal regulations . . . ." *Id.* Nonetheless, the court ultimately remanded the case because it found that retaining jurisdiction in the federal forum would disrupt any congressionally approved balance of federal and state judicial responsibilities. *Id.* at *5. In a factually-similar wrongful foreclosure action, the court found that a necessary federal issue was presented which was disputed and substantial where the plaintiff's breach of contract claim was based solely on two alleged violations of the HUD regulations. *See Buis v. Wells Fargo Bank, N.A.*, 401 F.Supp.2d 612, 616 (N.D. Tex. 2005) ("From what the court can ascertain, each basis for [plaintiff's] wrongful foreclosure claim necessarily turns on [defendant's] obligations under federal law."). However, again, the court ultimately remanded the case back to state court because "[n]othing has been presented to the court by the parties that Congress has expressed an intent to have such foreclosure-related actions, which are ordinarily handled by state courts, transferred to or filed in federal court." *Id.* at 618. Thus, the court determined that retaining jurisdiction over the case would disturb the balance of federal and state judicial responsibilities. *Id.*

In this case, Plaintiff raises several causes of action pursuant to state law which are all centered around the foreclosure sale of the Property. In addition, Plaintiff makes similar references, as the plaintiffs made in the aforementioned cases, to violations of certain HUD regulations in her breach of contract claim. (*See* Pl.'s Compl. ¶ 40) (alleging that Defendants were required to conduct a face-to-face interview, inform Plaintiff of other available assistance, and accept partial payments from Plaintiff.) However, as in the *Lindsey* and *Henry* cases, Plaintiff also bases her breach of contract claim on violations of state law and the Deed of Trust itself. In her first cause of action,

Plaintiff alleges that Defendants violated the Texas Property Code, which was incorporated into the parties' contract through paragraph 14 of the Deed of Trust. (*Id.* at ¶¶ 30-35.) Thus, Plaintiff avers that in violating the Texas Property Code, Defendants additionally breached the Deed of Trust. Plaintiff additionally claims that Defendants violated paragraph 9(d) of the Deed of Trust because Defendants were not authorized to foreclose on the Property if not so permitted by the HUD regulations. (*Id.* at ¶ 38.) Thus, to the extent Plaintiff bases her breach of contract claim on violations of certain HUD regulations, those regulations do not present a necessary or substantial federal issue because her breach of contract claim is also based on violations of Texas law and breach of the Deed of Trust itself. *See Lindsey*, 2013 WL 2896897, at *6-7; *Henry*, 2012 WL 6730718, at *5. Additionally, the federal issue is not substantial because the dispute here concerns questions of fact, such as whether Defendants breached the HUD regulations, as opposed to how to correctly interpret those regulations. *See Lindsey*, 2013 WL 2896897, at *7.

Defendants additionally argue that Plaintiff mentions RESPA in her negligence cause of action and, thus, her Amended Complaint presents a federal issue. However, similar to her breach of contract claim, Plaintiff's negligence cause of action alleges violations of RESPA in addition to violations of Texas law. (*See* Pl.'s Compl. ¶ 48) ("Additionally, Nationstar breached the duties imposed by the Texas Finance Code, RESPA, and the Texas Property Code.") Plaintiff's RESPA claim is neither necessary nor substantial because Plaintiff's negligence claim is not based solely on Defendants' alleged violations of RESPA and the dispute is fact-specific and not a question of the correct interpretation of RESPA.

Defendants further contend that under her equitable relief cause of action, Plaintiff avers that she did not receive proper notices as required by Texas state and federal law. Clearly this claim

invokes both state and federal law and is a question of fact, thus, for the aforementioned reasons, there is no necessary or substantial federal issue presented. (*See* Pl.'s Compl. ¶ 68) ("Plaintiff was not provided with proper notices as required by Texas state and federal law.") In addition, Defendants assert that Plaintiff's mention in the "Factual Background" section of her Amended Complaint that the Note and Deed of Trust were issued subject to provisions of the FHA, HUD, and RESPA confers federal jurisdiction on this Court. However, the mere reference to federal statutes in the facts section of a plaintiff's petition does not necessarily raise a federal question. *See Bass v. Am. Home Mortg. Servicing, Inc.*, No. 4:11CV633, 2012 WL 1142697, at *3 (E.D. Tex. Apr. 4, 2012), *rec. adopted*, 2012 WL 2565408 (E.D. Tex. July 2, 2012) ("That Plaintiffs referenced RESPA in their factual background section when referencing Defendant's purported failures to comply with Paragraph 3 of the parties' Security Agreement is not sufficient to confer jurisdiction."). The Court finds this reasoning persuasive. Plaintiff merely stated as a fact that the Note and Deed of Trust were subject to these federal regulations and there is no indication that she was attempting to bring a cause of action pursuant to the regulations.

Finally, the District Court has already found the reasoning in *Leggette, Henry,* and *Buis* persuasive as to whether retaining federal jurisdiction over a mortgage foreclosure case would disrupt the balance of federal and state judicial responsibilities. *See Lindsey*, 2013 WL 2896897, at *7-8 (citing to *Leggette, Henry,* and *Buis* in finding that exercising federal jurisdiction over a mortgage foreclosure breach of contract claim would disturb the balance of federal and state judicial responsibilities where the defendant failed to provide any rationale for distinguishing the cited cases). Here, Defendants have wholly failed to even mention the *Singh* factors, much less distinguish the facts in this case from the above-cited persuasive cases. Accordingly, the Court finds that

retaining federal jurisdiction over this matter would disturb the balance of congressionally approved federal and state judicial responsibilities. In sum, Plaintiff's Amended Complaint fails to present a federal question which would bestow jurisdiction on this Court.

**Whether the Remaining State-Law Claims Should be Remanded**

Since Plaintiff eliminated her RESPA claim, and there are no substantial federal issues, the Court must determine whether it should exercise supplemental jurisdiction over the remaining state-law claims. In determining whether to exercise supplemental jurisdiction, a court should look to the factors set out in 28 U.S.C. § 1367(c), as well as the factors outlined in *Carnegie-Mellon. See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a state-law claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The common law factors set out in *Carnegie-Mellon* include judicial economy, convenience, fairness, and comity. *Enochs*, 641 F.3d at 159; *see Carnegie-Mellon*, 484 U.S. at 350. Additionally, a Court should consider whether there has been improper forum manipulation when balancing all of these factors. *Carnegie-Mellon*, 484 U.S. at 357.

When all federal claims are eliminated from a case before trial, the general rule is to decline to exercise supplemental jurisdiction over the pendent state-law claims. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Furthermore, when the federal claims are dropped at an early stage of the litigation, the district court has a "powerful reason to choose not

to continue to exercise jurisdiction." *Enochs*, 641 F.3d at 161 (quoting *Carnegie-Mellon*, 484 U.S. at 351). It is within the discretion of the district court to decide whether to retain jurisdiction over a case where all the federal claims have been eliminated and only state-law claims remain. *Id.; see also Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) ("[W]e are mindful of the wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims.").

Regarding the first § 1367(c) factor, this Court cannot say that the state issues presented in this mortgage foreclosure case are novel or complex. However, the second and third factors weigh strongly in favor of remand, as there are no federal issues now before this Court. The fourth factor is not applicable in this case. *See Hawkins v. Coleman*, No. 6:10-CV-152, 2011 WL 4954621, at *1 n.3 (W.D. La. Oct. 17, 2011) (finding that the fourth § 1367(c) factor was not applicable because it is only to be invoked in rare or unusual cases in the Fifth Circuit); *Oliver v. Lewis*, 891 F.Supp.2d 839, 849 (S.D. Tex. 2012) (same).

The common law factors set out in *Carnegie-Hall* weigh in favor of remanding this case back to state court. The case was removed to federal court on July 19, 2013. A scheduling order has not been entered by the Court, the parties have not conducted discovery, Plaintiff's federal RESPA claim was eliminated before the Court analyzed the merits of the claim, and this Court has yet to analyze the merits of Plaintiff's state-law claims.[3] The judicial economy inquiry focuses largely on the amount of judicial resources that have been expended on the case up to the point of remand. *See Enochs*, 641 F.3d at 159-60. The only judicial resources that have been expended on this case are

---

[3] The Court notes that Defendants' two motions to dismiss are still pending before the Court.

the remand motion itself; the Court has not expended any time or resources on the state-law claims involved. This factor clearly weighs in favor of remand.

Regarding convenience of the parties, there are no facts to suggest that it would not be more convenient for the case to have been heard in Texas state court. Additionally, concerning fairness, the Fifth Circuit has found that it is assuredly fair to have Texas state-law claims heard in Texas state court. *See id.* at 160. The last factor, comity, certainly weighs in favor of remand as this Court has already found that retaining jurisdiction over the matter would disrupt the balance of congressionally approved federal and state judicial responsibilities. *See id.* ("[C]omity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'") (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992)).

Finally, Defendants contend that Plaintiff's Amended Complaint is an improper attempt at forum manipulation. (Defs.' Resp. at 1.) However, the Fifth Circuit has found that the act of amending a complaint to eliminate a federal claim is not an egregious form of forum manipulation, if it is even manipulation at all. *See Enochs,* 641 F.3d at 160. Furthermore, forum manipulation is only one factor to be considered by the court and cannot override all of the other factors the court is to consider. *See id.* at 160-61 ("Guarding against improper forum manipulation is only one of the important considerations we examine . . . . [i]t is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to consider and balance."). If there was any forum manipulation involved in this case, the Court finds that it was not so improper as to nullify all of the remaining factors which weigh heavily in favor of remand.

After balancing all of the relevant factors, the Court finds that there is no reason why it should not follow the general rule of declining to exercise supplemental jurisdiction over the remaining state-law claims. The Court finds that retaining jurisdiction over the case would be inappropriate and, thus, the case should be remanded back to state court.

**Whether Attorney's Fees are Warranted**

In Plaintiff's reply to her Motion to Remand, she requests costs, expenses, and attorney's fees incurred as a result of Defendants' removal. (Pl.'s Reply at 4.) The district court has authority when ordering remand to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying § 1447(c), the court should consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). However, even without objectively reasonable grounds, an award of costs is not guaranteed. *Id.* at 293. Such decision is within the sound discretion of the trial court. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir. 1993). Here, the Court cannot say that removal was objectively unreasonable because removal was proper at the time Defendants removed the case, as a federal question was presented on the face of Plaintiff's Petition. Accordingly, Plaintiff's requested costs, expenses, and attorney's fees should be denied.

### Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Plaintiff's Motion to Remand (doc. 13); **DENY** her request for costs, expenses, and attorney's fees; and **REMAND** this case back to the County Court at Law No. 5 in Dallas County, Texas. The Court further recommends that Defendants' motions to dismiss (docs. 7, 14) be **DENIED as MOOT.**

**SO RECOMMENDED**, November 19, 2013.

                                              _____
                                              PAUL D. STICKNEY
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).